UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER JAY KIMSEY,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>KENNETH BENNETT,<br><br>　　　　　　Respondent. | Case No. 1:11-cv-00298-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Christopher Jay Kimsey's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, seeking dismissal of the Petition with prejudice. (Dkt. 61.) Petitioner has also moved to dismiss this action, but he asks that the dismissal be without prejudice. (Dkt. 63.) Petitioner has also filed a Motion for Equitable Estoppel (Dkt. 59), in which Petitioner seeks a continuance.

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 19.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion for Summary

**MEMORANDUM DECISION AND ORDER  1**

Dismissal and dismissing this case with prejudice.

## BACKGROUND

**1.      State Court Proceedings**

Pursuant to a plea agreement, Petitioner pleaded guilty in the First Judicial District

of the State of Idaho, in Kootenai County, Idaho, to aggravated assault on a law

enforcement officer in violation of Idaho Code § 18-905. (State's Lodging C-15 at 1.) In

exchange for the guilty plea, the prosecutor dismissed a sentencing enhancement charge.

(State's Lodging A-5.) On January 14, 2009, Petitioner was sentenced to a unified

sentence of six years in prison with two years fixed. (State's Lodging A-6.) Petitioner did

not appeal from his conviction or sentence.

No earlier than August 8, 2011,[1] Petitioner filed a state petition for postconviction

relief. (State's Lodging B-15 at 1-5.) On November 1, 2011, the state district court

dismissed the petition as untimely. (*Id*. at 35-39.) Petitioner appealed, but the appeal was

initially dismissed due to a procedural error by the Idaho Supreme Court. (Dkt. 37.)

Petitioner's postconviction appeal was later reopened on motion by the State. The

Idaho Court of Appeals affirmed the trial court's dismissal of Petitioner's postconviction

petition because the petition was not filed within Idaho's one-year statute of limitations

governing postconviction petitions—a determination not challenged by Petitioner during

---

[1] Pursuant to both federal and Idaho state law, a pro se inmate's postconviction or habeas petition is deemed filed on the date the petition is delivered to prison authorities for filing by mail, rather than the date it is actually received by the clerk of court. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

the appeal. (State's Lodging C-15.) Petitioner filed a petition for rehearing, which was

denied. (State's Lodging C-16, C-17, & C-18.) Petitioner did not petition the Idaho

Supreme Court for review, and the Idaho Court of Appeals issued its remittitur on May 6,

2013. (State's Lodging C-19.)

## 2.    Federal Procedural History

Petitioner filed the instant federal habeas Petition, at the earliest, on June 7, 2011.

(Dkt. 3.) This Petition is Petitioner's fourth habeas corpus petition filed in this Court. See

*Kimsey v. Bennett*, Case No. 1:10-cv-00544-CWD (voluntarily dismissed Jan. 14, 2011);

*Kimsey v. Blades*, Case No. 1:11-cv-00046-REB (two petitions) (voluntarily dismissed

July 5, 2011). The Court previously notified Petitioner that he would not be permitted to

dismiss this Petition voluntarily without prejudice, but rather must pursue it to

completion.[2] (Dkt. 9, 16.)

Petitioner asserts the following claims in his Petition: (1) that his Fifth Amendment

rights were violated when certain statements that he made "to further investigations" were

"misapplied to [his] prosecution"; (2) that he was deprived of his Sixth Amendment right

to a jury trial because he waived that right under duress; and (3) that he did not receive a

copy of the judgment of conviction and was not otherwise notified of his right to file a

direct appeal. (Dkt. 3. at 2-3.)

This action was stayed for a time to allow Petitioner to return to state court and has

---

[2] For this reason, Petitioner's request for dismissal without prejudice (Dkt. 63) will be denied.

since been reopened. The Court previously allowed Petitioner an opportunity to request that counsel be appointed to represent him. (Dkt. 37 at 4-5.) Petitioner elected to proceed without appointed counsel. (*See* Notice to Proceed with Continued Pro Se Counsel, Dkt. 40.) Respondent now seeks summary dismissal of the Petition.

## DISCUSSION

Respondent contends that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. (Dkt. 61-1.) The Court need not address Respondent's procedural default argument. The Petition was filed after the one-year statute of limitations had already expired. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

## 1. Standard of Law Governing Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on February 28, 2012; August 21, 2012; September 4, 2012; and May 29, 2013. (Dkt. 22, 39, 41, 55.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550,

551 (9th Cir. 2006).

**2.      Petitioner's Claims Are Barred by the Statute of Limitations**

**A.      *Standard of Law***

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24,

1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations

period is triggered by one of four events:

> (A)    the date on which the judgment became final by the
> conclusion of direct review or the expiration of the
> time for seeking such review;
>
> (B)    the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C)    the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (D)    the date on which the factual predicate of the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

Petitioner's case involves subsection (d)(1)(A)—his conviction became final on

the date of the conclusion of direct review or the expiration of the time for seeking such

review. Direct review of a conviction includes the opportunity to file a petition for a writ

of certiorari in the United States Supreme Court. The Supreme Court has clarified

application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to
> this Court, the judgment becomes final at the "conclusion of
> direct review"—when this Court affirms a conviction on the
> merits or denies a petition for certiorari. For all other
> petitioners, the judgment becomes final at the "expiration of
> the time for seeking such review"—when the time for
> pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Because Petitioner did not file a

direct appeal, his conviction became final on February 25, 2009, when Idaho's 42-day

period for filing an appeal expired. *See* Idaho Appellate Rule 14(a).

The one-year statute of limitations can be tolled (that is, suspended) under certain

circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a

properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to

reduce a sentence that is not a part of the direct review process and that requires re-

examination of the sentence qualifies as a collateral review application that tolls the one-

year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the

extent that a petitioner properly filed an application for postconviction relief or other

collateral challenge in state court, the one-year federal limitations period stops running

on the filing date of the state court action and resumes when the action is completed.

However, any postconviction petition or other collateral proceeding that is untimely

**MEMORANDUM DECISION AND ORDER  6**

under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Further, the time before a petitioner files an initial application for collateral review in state court cannot serve to toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). And AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can still consider the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled only under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal

**MEMORANDUM DECISION AND ORDER  7**

quotation marks omitted). To qualify for equitable tolling, a circumstance must have

*caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571

F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an "actual innocence"

exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Actual innocence

means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

U.S. 614, 624 (1998). If a petitioner "demonstrates that it is more likely than not that no

reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner

may . . . have his constitutional claims heard on the merits," even if the petition is

otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

**B.** ***Analysis of the Statute of Limitations as Applied To Petitioner's Claims***

Petitioner's conviction became final on February 25, 2009. Hence, absent tolling,

the statute of limitations period expired on February 25, 2010. Petitioner filed his

Petition in this Court, at the earliest, on June 7, 2011. *See Houston*, 487 U.S. at 270-72;

Habeas Rule 3(d). Thus, his claims are barred by AEDPA's one-year statute of limitation

unless Petitioner establishes that he is entitled to statutory or equitable tolling, or that he

is actually innocent.

i.    Statutory Tolling

As described above, AEDPA's one-year limitations period is tolled for all of the

time "during which a properly filed application for State post-conviction or other

**MEMORANDUM DECISION AND ORDER  8**

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2). Petitioner filed his state postconviction petition on August 8, 2011;

however, that date was over a year *after* AEDPA's statute of limitations expired on

February 25, 2010. Thus, statutory tolling is unavailable. *See Ferguson*, 321 F.3d 820,

822. Moreover, because the Idaho Court of Appeals held that the Petitioner's state

postconviction petition was untimely, that petition was not properly filed and thus cannot

serve as a basis for statutory tolling in any event. *Pace*, 544 U.S. at 414.

> ii.     Equitable Tolling

Equitable tolling applies only if (1) the petitioner has pursued his rights diligently

and (2) extraordinary circumstances stood in his way and prevented a timely filing.

*Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under

AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d

1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The

measure of diligence required is "reasonable diligence," not "maximum feasible

diligence." *Holland*, 560 U.S. at 653 (internal quotation marks omitted). "To determine

if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's

overall level of care and caution in light of his or her particular circumstances," *Doe v.*

*Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011), including whether the petitioner pursued his

or her claims *before* the extraordinary circumstances came into existence, *Roy v.*

*Lampert*, 465 F.3d 964, 972 (9th Cir. 2006).

**MEMORANDUM DECISION AND ORDER  9**

Petitioner has not shown extraordinary circumstances that would justify the

application of equitable tolling in this case. His filings are somewhat difficult to

understand, and it appears that Petitioner is currently being held as a civilly committed

detainee due to mental health issues. Even so, the Court can discern no evidence that

those mental health issues were so severe *during the statute of limitations period* that

Petitioner was rendered incapable of protecting his interests at that time by pursing

habeas relief. Indeed, his previous two habeas corpus actions show that Petitioner was

capable—despite any mental health problems—of pursuing federal habeas relief earlier

on, yet Petitioner choose to voluntarily dismiss those actions. There is nothing to suggest

that Petitioner did so because he was incapable of pursuing the actions more fully.

Rather, Petitioner has chosen to dismiss (or attempt to dismiss) his habeas actions only

after being notified by the Court of the potential timeliness and procedural default

problems with his claims. Those decisions on his part suggest a full ascertainment and

understanding of the issues at play, not an inability to comprehend the same.

Petitioner has simply not met his burden of showing that extraordinary

circumstances beyond his control prevented him from filing a timely habeas petition. *See*

*Ramirez*, 571 F.3d at 998 (holding that equitable tolling was not appropriate because

petitioner's circumstances did not make it "*impossible* for him to file his petition in a

timely manner") (emphasis added) (internal quotation marks omitted).

### iii. Actual Innocence

Petitioner has not made a colorable showing of actual innocence. He states that he was "falsely charged," but submits no evidence (or argument explaining the absence of such evidence) to support such a claim. (Dkt. 34-4 at 3.) Moreover, in response to Respondent's Motion for Summary Dismissal, Petitioner states only that he was denied his Fifth Amendment rights "regarding testimony" and his right of "attorney/client privilege"; he makes no allegation that he is factually innocent. (Dkt. 65 & 65-1.) Therefore, the actual innocence exception is unavailable to Petitioner, and his Petition was not timely filed.

### CONCLUSION

For the foregoing reasons, the Petition will be dismissed with prejudice as untimely.[3]

### ORDER

**IT IS ORDERED:**

1.  Petitioner's Motion for Equitable Estoppel (Dkt. 59) is DENIED.

2.  Respondent's Motion for Summary Dismissal (Dkt. 61) is GRANTED, and this entire action is DISMISSED with prejudice.

3.  Petitioner's Motion To Term Without Prejudice Above Stated Case (Dkt.

---

[3] In addition to his habeas claims, Petitioner alleges in his filings that he is being denied timely access to appropriate medical treatment. This is a claim that cannot be brought in a habeas corpus action, but may be raised as a due process claim in a separate civil rights lawsuit under 42 U.S.C. § 1983.

**MEMORANDUM DECISION AND ORDER  11**

63) is DENIED.

4.     The Court does not find its resolution of this habeas matter to be

reasonably debatable, and a certificate of appealability will not issue. *See*

28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he

must file a timely notice of appeal with the Clerk of Court. Petitioner may

seek a certificate of appealability from the Ninth Circuit by filing a request

in that court.



DATED:  **September 22, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER  12**